# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE  DIVISION

|  |  |  |
|---|---|---|
| **MARCUS DALE THOMAS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00690 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **COMMONWEALTH OF VIRGINIA, ET AL.,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Marcus Dale Thomas, Pro Se Plaintiff.*

Plaintiff Marcus Dale Thomas, a Virginia inmate proceeding pro se, brings this civil rights complaint under 42 U.S.C. § 1983.  He alleges that officials at Red Onion State Prison have violated his constitutional rights by negligently failing to provide safe sidewalks, immediate medical care for his injuries after a fall, a bottom bunk for which a doctor has qualified him because of medical problems, and easily accessible forms for the grievance procedure.  Thomas sues the Commonwealth, the prison and, in amendments, prison Warden Randall Mathena and Dr. Mullins.  Thomas seeks monetary damages.  After review of the record, I will grant the requested amendments, but I conclude that the action as amended must be summarily dismissed.

I.

Thomas alleges that at about 7:00 a.m. on November 2, 2014, as he walked across the prison courtyard to the chow hall, he slipped on the ice-covered sidewalk and injured his left knee and the inside of both hands.

A little later that morning, a nurse who was distributing medications came to see Thomas, looked at his injury, jotted some notes, and took his vital signs. She said she would bring something to clean his wounds on her afternoon rounds. Thomas filed an emergency grievance at 9:40 a.m. complaining that he had not received treatment since his fall. The nurse responded that Thomas' condition was not an emergency, that he had been assessed, and that he would get treatment at the afternoon pill pass. At 2:45 p.m., the nurse gave Thomas some ointment and a band aid and put him on the list to see the doctor. Two days later, the doctor examined Thomas and scheduled him to have his injured knee x-rayed a week later.[1]

Thomas also alleges that the injury to his knee made it difficult for him to climb stairs to his upper tier cell and to climb onto his upper bunk and faults Dr. Mullins for failing to assign him to a bottom tier/bottom bunk instead. Thomas submits a document titled "MEDICAL BOTTOM BUNK ASSIGNMENT FORM," signed October 16, 2014, stating that Thomas needs a bottom bunk for

---

[1] The record does not indicate the outcome of this procedure.

unspecified medical reasons for one year.  In June 2013, another doctor had issued a similar document, indicating that Thomas needed a bottom bunk on the bottom tier for the next year.  Mullins states that he needs a bottom bunk on the bottom tier because he takes a sleep-aid medication related to depression and, as a diabetic, he must leave his cell early in the morning to have his blood sugar tested.

Finally, Thomas complains that the Warden allegedly requires inmates to obtain informal complaint forms from ranking officers, which delays Thomas' ability to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a) before he can bring a civil action in federal court.  He also complains that his letters to internal affairs officials at the Virginia Department of Corrections ("VDOC") about this grievance procedure problem have been referred to Red Onion officials for resolution.

## II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).  To state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  A

"frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

To state a claim under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Thomas' claims against the Commonwealth and the prison must be summarily dismissed under § 1915A(b)(1) because these entities are not "persons" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). Although the prison warden and doctor are state officials subject to be sued under § 1983, Thomas' submissions do not provide sufficient factual matter to state any actionable claim against either of these individuals.

To prove a constitutional claim related to an unsafe jail condition, Thomas must show that one or more prison officials acted with deliberate indifference — that they knew, subjectively, the condition presented a substantial risk of serious harm and nevertheless failed to take "reasonable measures" to alleviate it. *Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994). In addition, Thomas must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," or "demonstrate a substantial risk of such serious harm

resulting from the prisoner's unwilling exposure to the challenged conditions."
*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (internal quotation marks and citation omitted).

Similarly, to prove a constitutional violation regarding the course of medical treatment he has received, an inmate must demonstrate that the defendant official knew of a serious medical need, but failed to respond reasonably to that need. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976). A mere delay of medical care rises to constitutional proportions only if the plaintiff shows that the defendant's conduct resulted in substantial harm. *Webb v. Hamidullah*, 281 F. App'x 159, 166 (4th Cir. 2008) (unpublished).

First, Thomas does not allege that either the doctor or the Warden, personally, undertook any action or committed any omission that caused the alleged violations, as required to state a § 1983 claim against them. Thomas does not allege that either of these officials knew about the ice on the sidewalks before Thomas slipped on it or that the doctor or the warden bears responsibility for determining which inmate will be assigned to a particular bunk or tier. The bottom bunk order that Dr. Mullins signed indicates that Thomas has a medical need for such a placement. That order does not, however, direct prison officials to assign Thomas immediately. On the contrary, Thomas' submissions indicate that the unit

manager, not the prison doctor, determines the particular bunk and tier to which an inmate shall be assigned.[2]

Second, Thomas does not show deliberate indifference as required to state a constitutional claim concerning his medical care after his fall on the ice. Both the nurse and the doctor evaluated Thomas' condition and postponed further care. His disagreement with these medical judgments cannot show that these officials knew his condition required different or more prompt treatment than he received. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977) ("The right to treatment is, of course, limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical necessity and not simply that which may be considered merely desirable.")

An official's merely negligent assessment of the immediacy of a patient's need for treatment is not sufficient to state a constitutional claim and, accordingly, is not actionable under § 1983.[3]  *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state

---

[2]  According to Thomas, when he was assigned to a top tier and top bunk in March 2014, he asked an officer to move him pursuant to the doctor's order then in effect. The officer said:  "Either you stay w[h]ere you are, or I'll put you in 'SEG.'"  (V.S. 10, ECF No. 4.)  Thomas' prior lawsuit against the unit manger who made this statement was summarily dismissed under § 1915A(b)(1) for failure to state a claim, and an appeal is pending. *See Thomas v. Younce*, Case No. 7:14CV00510 (W.D. Va. Oct. 27, 2014).

[3]  For the same reason, Thomas has no § 1983 claim against any official at Red Onion for failing to put sand or salt on the icy sidewalks.  Such an omission may constitute negligence, but not violate a constitutional right.

-6-

officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections); *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Third, Thomas' complaints about difficulty in obtaining forms to initiate the grievance procedure, and in having internal affairs route his complaints back to the prison where they arose, do not implicate any constitutionally protected right. Because inmates have no constitutional right to a prison grievance procedure, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), officials' alleged interference with such procedures does not state a constitutional deprivation actionable under § 1983. Moreover, even assuming that the problems of which Thomas complains are contrary to VDOC policies, violations of state policies do not give rise to any constitutional claim. *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 392 (4th Cir. 1990).

For the stated reasons, I find that Thomas' allegations do not give rise to any constitutional claim actionable under § 1983 and must be summarily dismissed under § 1915A(b)(1). To the extent Thomas may be attempting to present claims under state law, the court declines to exercise supplemental jurisdiction over any such claims, pursuant to 28 U.S.C. § 1367(c), and will dismiss them without prejudice.

A separate Final Order will be entered herewith.

DATED:   April 21, 2015

/s/  James P. Jones
United States District Judge